**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Doe, | No. CV-18-03590-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Tempe Union High School District, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Judgment on the Pleadings (Doc. 36). Pursuant to the Stipulation to Dismiss filed by Plaintiff Julie Doe and Defendant Tempe Union High School District (Doc. 62), the Court dismissed Plaintiff's claim against the District (Count 1) with prejudice (Doc. 63).

Dismissal of this claim extinguished the sole federal question claim in this action, upon which the Court's subject matter jurisdiction relied. (Doc. 1, Compl. ¶ 2 (stating basis for jurisdiction is 28 U.S.C. § 1331).) Diversity jurisdiction under 28 U.S.C. § 1332 does not arise here, because Plaintiff alleges all parties are citizens of Arizona. (Compl. ¶¶ 7-9, 12.) Upon recognizing that the Court no longer has federal question jurisdiction and otherwise lacks diversity jurisdiction, the Court must decide whether to continue to exercise supplemental jurisdiction over Plaintiffs' three remaining state law claims (Counts 2–4) against Defendant Tyrek Chambers. *See* 28 U.S.C. § 1367(c)(3).

"'The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had original jurisdiction.'"

*Martin v. Kamalu-Staggs*, 87 F.3d 1320 (9th Cir. 1996) (citing 28 U.S.C. § 1367(c)(3)). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Accordingly, unless "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Considering these factors, the Court declines to exercise supplemental jurisdiction here. First, comity favors declining jurisdiction, as Plaintiff would now proceed exclusively on state law assault, battery, and intentional infliction of emotional distress claims. Second, judicial economy similarly favors declining jurisdiction, as this litigation is in its beginning stages and the Court has not yet begun to address the substance of the state law claims—Counts 2 through 4. Lastly, considerations of convenience and fairness do not favor exercising supplemental jurisdiction; given the early stage of the state law claims litigation, proceeding in state court would not be unduly inconvenient or unfair to Plaintiff or Defendant Chambers. *See Cohill*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage in the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). Absent exceptional circumstances, it is "generally preferable" for a district court to decline to exercise supplemental jurisdiction over state law claims when the federal claim is dismissed. *Harrell v. 20th Cent. Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). The Court will thus dismiss Counts 2 through 4 for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED denying as moot Plaintiff's Motion for Judgment on the Pleadings (Doc. 36).

IT IS FURTHER ORDERED dismissing Counts 2 through 4 against Defendant Tyrek Chambers for lack of subject matter jurisdiction.

1    IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly and
2 close this case.
3    Dated this 24th day of May, 2019.

_____
Honorable John J. Tuchi
United States District Judge